IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| DAVE WRIGHT NISSAN SUBARU, INC., | NO. 1:21-cv-00156-MAR |
| Plaintiff, | |
| | **ANSWER TO PETITION** |
| vs. | |
| BACKLOTCARS, INC., | |
| Defendant. | |

Defendant Backlotcars, Inc., for its answer to Plaintiff's Petition, states:

**PARTIES & VENUE**

1.      Dave Wright is an Iowa corporation with a home office located at 999 Boyson Road, Hiawatha, Iowa 52233.

Answer:  Admitted.

2.      Defendant BacklotCars, Inc. ("BacklotCars") is a Delaware corporation with a home office located at 1100 Main Street, Suite 1500, Kansas City, Missouri 64105, and an Iowa registered agent located at 505 5th Avenue, Des Moines, Iowa 50309.

Answer:  Admitted.

3.      Venue is proper in Linn County pursuant to Iowa Code § 617.3(7), as the presentaction is brought against a foreign corporation and Dave Wright is a resident of Linn County.

Answer:  Denied.

**FACTS**

4.      BacklotCars is an app and web-based dealer-to-dealer wholesale platform for used vehicles.

Answer:    BacklotCars admits that it provides a business-to-business online marketplace and related services through which licensed automotive dealerships may connect with other licensed automotive dealerships to buy, sell or trade wholesale inventory on a local and national level. Participants who use BacklotCars' services are required to register with BacklotCars and consent to BacklotCars' Terms of Use Agreement which includes BacklotCars' Arbitration Policy.  Backlot Cars denies the remaining allegations.

5.      In addition to providing a virtual marketplace for used-vehicle sales, BacklotCars performs inspections of the vehicles it distributes to dealer-purchasers.

Answer:  BacklotCars admits that pursuant to its Terms of Use Agreement and subject to its Arbitration Policy, BacklotCars inspects certain vehicles for sale on its platform for certain conditions and provides its inspection rules "for informational purposes only" and such information is provided "as is" and subject to the BacklotCars arbitration process as outlined in its Terms of Use and Arbitration policy. Backlot Cars denies the remaining allegations.

6.      On or about June 2, 2021, Dave Wright purchased a 2019 Kia Soul Base through BacklotCars, using BacklotCars' website, for a price of $10,520.00.

Answer:  Admitted with the clarification that the seller of the vehicle was disclosed as Vnk Pearl Auto Spa.

7.      On or about May 31, 2021, BacklotCars prepared and presented an

2

inspection report for this 2019 Kia Soul Base, and Dave Wright accessed this report on or about June 15,2021.

Answer:  BacklotCars admits that it prepared an inspection report for the 2019 Kia Soul for informational purposes only subject to BacklotCars' Terms of Use Agreement and Arbitration Policy. BacklotCars denies the remaining allegations for lack of information.

8.      In this report, for "inspected item" "A/C runs cold," BacklotCars indicated that the 2019 Kia Soul Base "passed."

Answer:  Admitted with the clarification that BacklotCars prepared an inspection report for the 2019 Kia Soul for informational purposes only subject to BacklotCars' Terms of Use Agreement and Arbitration Policy.

9.      BacklotCars also noted, in the "comments" section of this portion of the report: "Engine start and runs OK, engine oil level within specification, transmission is a sealed unit, coolant fluid level within specification, no codes."

Answer:  Admitted with the clarification that BacklotCars prepared an inspection report for the 2019 Kia Soul for informational purposes only subject to BacklotCars' Terms of Use Agreement and Arbitration Policy.

10.     This report did not disclose any bent frame.

Answer:  Admitted with the clarification that BacklotCars does not inspect for frame damage which is not a covered item subject to BacklotCars' Arbitration Policy which Plaintiff acknowledged and agreed to be bound by when it registered with BacklotCars and by subsequent purchase of this vehicle.

11.     When Dave Wright received the 2019 Kia Soul Base on or about June 2, 2021, however, Dave Wright immediately observed that the air-conditioning lines were

3

cut so the vehicle generated no air-conditioning whatsoever, the radiator was hanging with no coolant, and the vehicle's frame was bent.

Answer: Denied for lack of information.

12. When Dave Wright submitted the title to the 2019 Kia Soul Base to the State of Iowa on or about June 21, 2021, the State of Iowa informed Dave Wright approximately one month later that it would have to issue Dave Wright a branded title for the vehicle because the State of Iowa had discovered "that there was an insurance report on the vehicle back in January 2021" and "this vehicle did sustain over 50% percent [*sic*] damage per the insurance company."

Answer: Denied for lack of information.

13. On or about June 8, 2021, Dave Wright purchased a 2017 Nissan Pathfinder SLthrough BacklotCars, using BacklotCars' website, for a price of $23,015.00.

Answer: Admitted with the clarification that the disclosed seller of the vehicle was United Traders, Inc.

14. On or about June 8, 2021, BacklotCars prepared and presented an inspection report for this 2017 Nissan Pathfinder SL, and Dave Wright accessed this report on or about July 21, 2021.

Answer: BacklotCars admits that it prepared an inspection report for the 2017 Nissan Pathfinder for informational purposes only subject to BacklotCars' Terms of Use Agreement and Arbitration Policy. BacklotCars denies the remaining allegations for lack of information.

15. In this report, for "inspected item" "engine lower end," BacklotCars

4

indicated that the 2017 Nissan Pathfinder SL "passed."

Answer: Admitted with the clarification that BacklotCars prepared an inspection report for the 2017 Nissan Pathfinder for informational purposes only subject to BacklotCars' Terms of Use Agreement and Arbitration Policy.

16.     In this report, for "inspected item" "engine upper end," BacklotCars indicated that the 2017 Nissan Pathfinder SL "passed."

Answer: Admitted with the clarification that BacklotCars prepared an inspection report for the 2017 Nissan Pathfinder for informational purposes only subject to BacklotCars' Terms of Use Agreement and Arbitration Policy.

17.     BacklotCars also noted, in the "comments" section of this portion of the report: "Starts easily runs quiet."

Answer: Admitted with the clarification that BacklotCars prepared an inspection report for the 2017 Nissan Pathfinder for informational purposes only subject to BacklotCars' Terms of Use Agreement and Arbitration Policy.

18.     In this report, for "inspected item" "automatic transmission," BacklotCars indicated that the 2017 Nissan Pathfinder SL "passed."

Answer: Admitted with the clarification that BacklotCars prepared an inspection report for the 2017 Nissan Pathfinder for informational purposes only subject to BacklotCars' Terms of Use Agreement and Arbitration Policy.

19.     In this report, for "inspected item" "transfer case," BacklotCars indicated that the 2017 Nissan Pathfinder SL "passed."

Answer: Admitted with the clarification that BacklotCars prepared an inspection report for the 2017 Nissan Pathfinder for informational purposes only subject to

BacklotCars' Terms of Use Agreement and Arbitration Policy.

20.    In this report, for "inspected item" "differential," BacklotCars indicated that the 2017 Nissan Pathfinder SL "passed."

Answer:  Admitted with the clarification that BacklotCars prepared an inspection report for the 2017 Nissan Pathfinder for informational purposes only subject to BacklotCars' Terms of Use Agreement and Arbitration Policy.

21.    BacklotCars also noted, in the "comments" section of this portion of the report: "Drives good."

Answer:  Admitted with the clarification that BacklotCars prepared an inspection report for the 2017 Nissan Pathfinder for informational purposes only subject to BacklotCars' Terms of Use Agreement and Arbitration Policy.

22.    When Dave Wright received the 2017 Nissan Pathfinder SL on or about June 8, 2021, however, Dave Wright immediately observed that the engine knocked loudly and the vehicle did not drive.

Answer:  Denied for lack of information.

23.    Dave Wright then discovered that the original owner of the vehicle had neglected to change the oil, causing serious damage to the engine.

Answer:  Denied for lack of information.

24.    Dave Wright also discovered that when the original owner attempted to have repair work done under a manufacturer warranty, Nissan refused the request and voided the warranty as a result of customer abuse upon discovering that the owner had neglected to changethe vehicle's oil.

Answer:  Denied for lack of information.

6

25.     On or about May 17, 2021, Dave Wright purchased a 2020 Nissan Altima SR through BacklotCars, using BacklotCars' website, for a price of $22,700.00.

Answer:  Admitted with the clarification that the disclosed seller was Auto Outlet Group, Inc.

26.     On or about May 14, 2021, BacklotCars prepared and presented an inspection report for this 2020 Nissan Altima SR, and Dave Wright accessed this report on or about July 21, 2021.

Answer:  BacklotCars admits that it prepared an inspection report for the 2020 Nissan Pathfinder for informational purposes only subject to BacklotCars' Terms of Use Agreement and Arbitration Policy. BacklotCars denies the remaining allegations for lack of information.

27.     In this report, for "inspected item" "engine lower end," BacklotCars indicated thatthe 2020 Nissan Altima SR "passed."

Answer:  Admitted with the clarification that BacklotCars prepared an inspection report for the 2020 Nissan Altima for informational purposes only subject to BacklotCars' Terms of Use Agreement and Arbitration Policy.

28.     In this report, for "inspected item" "engine upper end," BacklotCars indicated that the 2020 Nissan Altima SR "passed."

Answer: Admitted with the clarification that BacklotCars prepared an inspection report for the 2020 Nissan Altima for informational purposes only subject to BacklotCars' Terms of Use Agreement and Arbitration Policy.

29.     BacklotCars also noted, in the "comments" section of this portion of the report: "Engine and transmission operates as it should [/] Oil is at operation level [/]

7

Engine idle smoothly [/] Coolant is at operation level [/] Fluids check."

Answer:  Admitted with the clarification that BacklotCars prepared an inspection report for the 2020 Nissan Altima for informational purposes only subject to BacklotCars' Terms of Use Agreement and Arbitration Policy.

30.     In this report, for "inspected item" "automatic transmission," BacklotCars indicated that the 2020 Nissan Altima SR "passed."

Answer:  Admitted with the clarification that BacklotCars prepared an inspection report for the 2020 Nissan Altima for informational purposes only subject to BacklotCars' Terms of Use Agreement and Arbitration Policy.

31.     BacklotCars also noted, in the "comments" section of this portion of the report: "Engine and transmission operates as it should [/] Brakes work properly when applied [/] No sounds or vibrations from power train [/] Inspector tested vehicle up to speeds of 25 miles per hour [/] Vehicle engage properly into gear."

Answer:  Admitted with the clarification that BacklotCars prepared an inspection report for the 2020 Nissan Altima for informational purposes only subject to BacklotCars' Terms of Use Agreement and Arbitration Policy.

32.     When Dave Wright received the 2020 Nissan Altima SR on or about May 17, 2021, however, Dave Wright immediately observed that a large, triangular chunk was missing from the transmission case and there was no fluid in the transmission.

Answer:  Denied for lack of information.

33.     Dave Wright observed glue-like residue on the transmission case which, on information and belief, resulted from an unsuccessful attempt to re-insert the broken-off piece onto the transmission case.

Answer: Denied for lack of information.

34.    The 2020 Nissan Altima SR would not drive because there was no fluid in the transmission.

Answer: Denied for lack of information.

35.    When Dave Wright reported these defects to BacklotCars, BacklotCars informed Dave Wright that his window for arbitrating these issues had expired—and it had expired before BacklotCars had even delivered the vehicles to Dave Wright.

Answer: Denied.

36.    BacklotCars encouraged Dave Wright to re-list the damaged 2019 Kia Soul Base on BacklotCars to try to sell it.

Answer: Denied.

37.    Dave Wright refused to do so because it would have been dishonest of it to attempt to sell a seriously damaged vehicle without disclosing the damage.

Answer: Denied for lack of information.

38.    BacklotCars also encouraged Dave Wright to re-list the damaged 2017 Nissan Pathfinder SL, and Dave Wright did so because the BacklotCars inspector, in re-listing the vehicle, disclosed the engine problems that BacklotCars had not disclosed to Dave Wright.

Answer: Denied for lack of information.

39.    When these engine problems were disclosed, BacklotCars received no bids for the 2017 Nissan Pathfinder SL.

Answer: Denied for lack of information.

# COUNT I

## FRAUDULENT MISREPRESENTATION

40.     Defendant Backlotcars, Inc. repeats its answers to the allegations contained in all foregoing paragraphs of Plaintiff's Petition.

41.     BacklotCars, by the inspection reports that BacklotCars prepared and submitted to Dave Wright, made numerous representations to Dave Wright regarding the quality and functionality of the vehicles Dave Wright purchased through BacklotCars.

<u>Answer</u>:  Denied.

42.     Many of these representations, including those specifically set forth above, were false.

<u>Answer</u>:  Denied.

43.     These false representations were material to Dave Wright's decision to purchase the vehicles.

<u>Answer</u>:  Denied.

44.     Dave Wright reasonably relied on these false representations in deciding to purchase the vehicles.

<u>Answer</u>:  Denied.

45.     On information and belief, BacklotCars knew the representations were false when BacklotCars made them.

<u>Answer</u>:  Denied.

46.     On information and belief, BacklotCars intended to deceive Dave Wright by making the false representations.

<u>Answer</u>:  Denied.

10

47.    The false representations, and Dave Wright's reliance on them, were a proximate cause of Dave Wright's damages.

Answer:  Denied.

48.    BacklotCars' actions were undertaken with willful and wanton disregard for DaveWright's rights and were directed specifically at Dave Wright.

Answer:  Denied.

49.    As a direct and proximate result of BacklotCars' fraud, Dave Wright was denied the benefit of the bargain with respect to all three vehicles it purchased, and Dave Wright suffered additional consequential damages.

Answer:  Denied.

FOR THESE REASONS, Defendant Backlotcars, Inc. requests that Plaintiff's Petition be dismissed and that costs be assessed against the Plaintiff.

## COUNT II

## FRAUDULENT NONDISCLOSURE

For its answer to Count II of Plaintiff's Petition, Defendant Backlotcars, Inc., states:

50.    Defendant Backlotcars, Inc. repeats its answers to the allegations contained in all foregoing paragraphs contained in Plaintiff's Petition.

51.    BacklotCars owed Dave Wright a duty to disclose facts regarding the defects that existed with respect to the vehicles Dave Wright purchased—which facts BacklotCars failed to disclose—because BacklotCars knew that disclosure of these facts was necessary to prevent BacklotCars affirmative representations regarding the vehicles from being a misrepresentation or from being fraudulent or material.

Answer:  Denied.

11

52.     BacklotCars concealed or failed to disclose these facts regarding the defects that existed with respect to the vehicles Dave Wright purchased, leading Dave Wright to believe the defects did not exist.

Answer:  Denied.

53.     The undisclosed facts were material to Dave Wright's decision to purchase the vehicles.

Answer:  Denied.

54.     On information and belief, BacklotCars knowingly failed to make the disclosures.

Answer:  Denied.

55.     On information and belief, BacklotCars intended to deceive Dave Wright by withholding these facts.

Answer:  Denied.

56.     Dave Wright reasonably relied on the nonexistence of these facts in deciding to purchase the vehicles.

Answer:  Denied.

57.     The nondisclosure of these facts, and Dave Wright's reliance on their nonexistence, were a proximate cause of Dave Wright's damages.

Answer:  Denied.

58.     BacklotCars' actions were undertaken with willful and wanton disregard for Dave Wright's rights and were directed specifically at Dave Wright.

Answer:  Denied.

59.     As a direct and proximate result of BacklotCars' fraudulent nondisclosure,

12

Dave Wright was denied the benefit of the bargain with respect to all three vehicles it purchased, and Dave Wright suffered additional consequential damages.

Answer: Denied.

FOR THESE REASONS, Defendant Backlotcars, Inc. requests that Count II of Plaintiff's Petition be dismissed and that costs be assessed against the Plaintiff.

## COUNT III

## NEGLIGENCE

For its answer to Count III of Plaintiff's Petition, Defendant Backlotcars, Inc., states:

60.     Defendant Backlotcars, Inc. repeats its answers to the allegations contained in all foregoing paragraphs contained in Plaintiff's Petition.

61.     BacklotCars owed Dave Wright a duty to exercise reasonable care in ensuring the information it undertook to provide to Dave Wright regarding the vehicles Dave Wright purchased was accurate.

Answer: Defendant Backlotcars, Inc. affirmatively states that the seller, not Backlotcars, Inc., provides all information for review and reliance by buyers. Any remaining allegations contained in paragraph number 61 are denied.

62.     BacklotCars failed to exercise reasonable care in ensuring the information it undertook to provide to Dave Wright regarding the vehicles Dave Wright purchased was accurate.

Answer: Denied.

63.     As a direct and proximate cause of BacklotCars' failure to exercise reasonable care in ensuring the information it undertook to provide to Dave Wright

13

regarding the vehicles Dave Wright purchased was accurate, Dave Wright was damaged.

Answer: Denied.

64.    BacklotCars' actions were undertaken with willful and wanton disregard for Dave Wright's rights and were directed specifically at Dave Wright.

Answer: Denied.

FOR THESE REASONS, Defendant Backlotcars, Inc. requests that Count III of Plaintiff's Petition be dismissed and that costs the assessed against the Plaintiff.

## COUNT IV

## UNJUST ENRICHMENT

For its answer to Count IV of Plaintiff's Petition, Defendant Backlotcars, Inc., states:

65.    Defendant Backlotcars, Inc. repeats its answers to the allegations contained in all foregoing paragraphs contained in Plaintiff's Petition.

66.    BacklotCars was enriched by the fees it received as a result of Dave Wright's acquisition of the 2019 Kia Soul Base, 2017 Nissan Pathfinder SL, and 2020 Nissan Altima SR.

Answer: Denied.

67.    BacklotCars was enriched in this manner at Dave Wright's expense.

Answer: Denied.

68.    It would be unjust to allow BacklotCars to retain this benefit under the circumstances.

Answer: Denied.

14

FOR THESE REASONS, Defendant Backlotcars, Inc. requests that Count IV of Plaintiff's Petition be dismissed and that costs the assessed against the Plaintiff.

## DEFENSES

1.     Defendant Backlotcars, Inc. asserts that Plaintiff fails to state a claim upon which any relief can be granted.

2.     Pursuant to the terms of Plaintiff's written agreements with Defendant, all of Plaintiff's complaints rest with the three sellers of the cars Plaintiff purchased, not with Defendant Backlotcars, Inc.

3.     Pursuant to the terms of the agreements between the parties, venue for these complaints rest in the State of Missouri.

4.     Plaintiff is in breach of BacklotCars' Terms and Use Agreement and Arbitration Policy and such breach bars his claims against BacklotCars.

## JURY DEMAND

Defendant Backlotcars, Inc. requests a jury trial.

Respectfully submitted,

  /s/ Matthew J. Nagle
MATTHEW J. NAGLE,          AT0005715
TRISTAN M. KRETSCH,          AT0014858
        Of
LYNCH DALLAS, P.C.
526 Second Avenue SE
P.O. Box 2457
Cedar Rapids, Iowa 52406-2457
Telephone     319.365.9101
Facsimile      319.365.9512
E-Mail          mnagle@lynchdallas.com
                    tkretsch@lynchdallas.com

ATTORNEYS FOR DEFENDANT
BACKLOTCARS, INC.

15

_____/s/ James W. Carney_____
JAMES W. CARNEY
      Of
CARNEY & APPLEBY, P.L.C.
303 Locust Street, Suite 400
Des Moines, IA  50309
Telephone:  515.282.6803
Facsimile:  515.282.4700
Email:       carney@carneyappleby.com

ATTORNEYS FOR DEFENDANT
BACKLOTCARS, INC.

<u>CERTIFICATE OF SERVICE</u>

I certify that I served the foregoing document upon the following person(s) by electronic notice pursuant to Federal Rule of Civil Procedure 5(b) on the 17th day of January, 2022.

James H. Arenson
James W. Radig
John W. Hofmeyer IV
Arenson Law Group PC
425 Second Street S.E., Suite 900
Cedar Rapids, IA  52401

Email:  jarenson@arensonlaw.com
       jradig@arensonlaw.com
       jhofmeyer@arensonlaw.com

  /s/ Kimberly Brown   

16